IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EMERALD M. AUSBY, #B61216,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 3:22-cv-00715-SMY |
| | ) |
| **ASSISTANT WARDEN RIDER,** | ) |
| **MR. ROWLAND,** | ) |
| **MR. TROYVILLE,** | ) |
| **MS. WOOLEY,** | ) |
| **MS. WATTSON,** | ) |
| **MS. REBA,** | ) |
| **J. UPTON,** | ) |
| **P. MASSEY,** | ) |
| **ANTHONY WILLS,** | ) |
| **MS. HOOD, and** | ) |
| **C/O Q.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Emerald M. Ausby, an inmate in the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 10): Plaintiff was placed in a cell without a mattress by correctional officers on November 8, 2021. The officers refused to give him their names and badge numbers.

On November 15 2021, Plaintiff wrote a grievance about missing checks. In response, Counselor Hood stated Menard returned his checks to Kansas City Department of the Treasury because it was out of the jurisdiction.

In the month of December, Plaintiff had a "recovery rebate credit" from the "Economic impact payments" from 2020.  A female staff member came to his cell and yelled that he is a "stool pigeon" and "can't have shit."

Plaintiff wrote Warden Wills, Assistant Warden Rider, and Major Rowland on February 7, 2022 regarding harassment he was going through with their officers and they did not help him.

Internal Affairs Officer Wooley, Mr. Wattson, Nurse Reba, Major Troyville, Major Rowland, J. Upton, P. Passey, C/O Q, Ms. Hood, Anthony Wills, Mr. Rider have put Plaintiff's life in danger by telling inmates his criminal history and that he is a stool pigeon.

Plaintiff has been harassed by Defendants regarding his mail.  Second shift has been throwing away his mail.

## Discussion

To survive preliminary review under § 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 547 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.  Further, a plaintiff must associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint.  *Id.* And, because Plaintiff brings his claims under §1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right.  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014).  In other words, Plaintiff must describe

what each named defendant did, or failed to do, that violated his constitutional rights. Vague references to a group of defendants, without specific allegations tying an individual defendant to the alleged unconstitutional conduct are insufficient.

Here, the factual allegations are so sketchy that the Complaint does not assert a plausible constitutional claim against any defendant. However, Plaintiff will be granted leave to file a First Amended Complaint to re-plead his claims. In doing so, he should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y).

## Disposition

The Complaint (Doc. 10) is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a First Amended Complaint by **August 1, 2022**. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 22-715). Because an amended complaint supersedes and replaces the original complaint, rendering the original complaint void,

the Court will not accept piecemeal amendments. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading, and include any exhibits that Plaintiff wishes to submit. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** July 7, 2022

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**