IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMERALD M. AUSBY, #B61216, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:22-cv-00715-SMY |
| ANTHONY WILLS, | ) |
| MS. EDWARDS, | ) |
| M. MASSEY, and | ) |
| MAJOR ROWLAND, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Emerald M. Ausby, an inmate in the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. The Complaint was dismissed following preliminary review under 28 U.S.C. § 1915A. The First Amended Complaint is now before the Court for § 1915A review. Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 17): Massey escorted Plaintiff to cell 623 on November 8, 2021. Plaintiff noticed there was no mattress. He asked the second shift gallery officer if he was going to give him a mattress, but the officer never returned to Plaintiff's cell. Plaintiff received a mattress from an officer during first shift.

Plaintiff received a stimulus check during the second week of December 2020. Ms.

Edwards called him a racial slur, yelled he "can't have shit from Mr. Donald Trump," and sent his check back.

Wills and Rowland failed to correct misconduct and encouraged the continuation of the misconduct. They violated his rights and caused him emotional distress by forcing him to seek redress from the prison through the grievance system.

Massey, Edwards, and Rowland retaliated against Plaintiff. Officers "harass[ed] [Plaintiff] with [his] mail." He has notified Wills and Rowland, but they have not taken any action to rectify the situation.

Based on the allegations in the First Amended Complaint, the Court designates the following claims in this *pro se* action:[1]

> Count 1: Eighth Amendment unconstitutional conditions of confinement claim against Massey.
>
> Count 2: Fourteenth Amendment deprivation of property claim against Edwards.
>
> Count 3: Eighth Amendment harassment claim against Edwards.
>
> Count 4: Claim against Wills and Rowland for failing to correct misconduct and encouraging the continuation of misconduct.
>
> Count 5: First Amendment retaliation claim against Massey, Edwards, and Rowland.
>
> Count 6: First Amendment interference with mail claim.

## **Discussion**

To survive preliminary review under § 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 547 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Although the courts are obligated to accept factual allegations as true, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross,* 578 F. 3d 574, 581 (7th Cir. 2009).

**Count 1**

Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate the Eighth Amendment. *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). To state a claim for unconstitutional conditions of confinement, a plaintiff must sufficiently allege that he was incarcerated under conditions posing a "substantial risk of serious harm," and that prison officials had subjective knowledge of the risk, yet consciously disregarded it. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). Ordinarily, a short-term deprivation does not amount to a constitutional violation. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988).

Here, Plaintiff was without a mattress for less than 24 hours, which does not rise to the level of a constitutional violation. *Stephens v. Cottey*, 145 F. App'x 179, 181 (7th Cir. 2005) (holding that sleeping for three days on a bedframe without a mattress did not violate the Eighth Amendment). Count 1 will be dismissed.

**Count 2**

To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. If the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984).

Illinois provides an adequate post-deprivation remedy; an action for damages in the Illinois Court of Claims. *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993). Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims. Count 2 will be dismissed with prejudice.

**Count 3**

In general, verbal abuse and harassment do not rise to the level of a constitutional violation. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). And "[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution." *Id.* The isolated incident with Edwards, while reprehensible, does not constitute a constitutional violation. Count 3 will be dismissed.

**Count 4**

"Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). To state a claim against a supervisor, a plaintiff must allege the supervisor knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye to it. *Id.* "Liability cannot be established based on an assumption that high ranking officials should have known of a condition. *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). Plaintiff's allegations are insufficient to establish that Wills and Rowland had knowledge of unconstitutional conduct. Count 4 will be dismissed.

**Count 5**

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g.,*

*Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). The vague and conclusory allegations in the Complaint fail to state a viable retaliation claim. Count 5 will be dismissed.

### Count 6

Prisoners have protected First Amendment interests in both sending and receiving mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Although the First Amendment "applies to communications between an inmate and an outsider," a valid claim requires an allegation that there has been "a continuing pattern or repeated occurrences" of denial or delay of mail delivery. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). A sporadic disruption of mail service will not violate the Constitution.

An inmate's legal mail is entitled to even greater protections because of the potential for interference with the Fourteenth Amendment right of access to the courts. *Guajardo–Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010). An inmate's claim of ongoing interference with his legal mail may state a claim. *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304 (7th Cir. 1993). However, isolated incidents of interference with legal mail are generally insufficient to maintain a claim. *Guarjardo-Palma*, 622 F.3d at 805-06.

Plaintiff's allegations regarding receipt of his mail fail to state a viable interference with mail claim. Count 6 will be dismissed.

### Disposition

The First Amended Complaint (Doc. 17) is **DISMISSED without prejudice** for failure to

5

state a claim for relief. Plaintiff is **GRANTED** leave to file a Second Amended Complaint by **August 24, 2022**. The Second Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "Second Amended Complaint" and use the case number for this action (No. 22-715). Because an amended complaint supersedes and replaces the original complaint, rendering the original complaint void, the Court will not accept piecemeal amendments. Instead, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and include any exhibits that Plaintiff wishes to submit. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

If Plaintiff fails to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P.

41(b).

**IT IS SO ORDERED.**

**DATED: July 25, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**