IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMERALD M. AUSBY, #B61216, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-00715-SMY |
| | ) |
| ANTHONY WILLS, and | ) |
| JANE DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Emerald M. Ausby, an inmate in the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. The Complaint and First Amended Complaint were dismissed for failure to state a claim for relief following preliminary review under 28 U.S.C. § 1915A (Docs. 15, 18). Plaintiff filed a Second Amended Complaint (Doc. 19) and was subsequently granted leave to file a Third Amended Complaint (Doc. 28).

The Third Amended Complaint (Doc. 29) is now before the Court for § 1915A review. Any portion of the Third Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Third Amended Complaint

Plaintiff makes the following allegations in the Third Amended Complaint (Doc. 29): Jane Doe refused to allow Plaintiff to have his stimulus checks on December 20, 2022. Jane Doe called Plaintiff a racial slur, yelled he "can't have shit from Mr. Donald Trump," and sent his checks back

to the IRS.

Plaintiff's mother and father called Menard in August, September, and November 2021 asking that the Warden have his officers stop harassing Plaintiff about his mail but the harassment has not stopped. Plaintiff wrote to the Warden in October 2021 and January 2022 but he refused to help him.

Based on the allegations in the Third Amended Complaint, the Court designates the following claims in this *pro se* action:[1]

Count 1: Fourteenth Amendment deprivation of property claim against Jane Doe for depriving Plaintiff of his stimulus checks on December 20, 2021.

Count 2: Eighth Amendment claim against Jane Doe for harassing Plaintiff on December 20, 2021.

Count 3: First Amendment claim against Jane Doe for interference with Plaintiff's mail on December 20, 2021.

Count 3: Eighth Amendment conditions of confinement claim against Wills for failing to stop prison officials from harassing Plaintiff.

**Discussion**

**Count 1**

To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. However, if the state provides an adequate remedy, Plaintiff has no colorable civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Illinois provides an adequate post-deprivation remedy; an action for damages in the Illinois Court of Claims. *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993). Thus,

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims. Count 1 will be dismissed with prejudice.

### Count 2

Verbal abuse and harassment do not generally rise to the level of a constitutional violation. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). Similarly, "[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution." *Id.* The alleged isolated incident with Jane Doe, while reprehensible, does not constitute a constitutional violation. Count 2 will be dismissed.

### Count 3

Prisoners have protected First Amendment interests in both sending and receiving mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Although the First Amendment "applies to communications between an inmate and an outsider," a valid claim requires an allegation that there has been "a continuing pattern or repeated occurrences" of denial or delay of mail delivery. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). Because sporadic disruption of mail service does not violate the Constitution, Plaintiff's allegations regarding his mail fail to state a viable claim. Count 3 will be dismissed.

### Count 4

"Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). To state a claim against a supervisor, a plaintiff must allege the supervisor knew of unconstitutional conduct and facilitated it, approved it, condoned it, or turned a blind eye to it. *Id.* Plaintiff's allegations do not suggest

unconstitutional conduct or that Wills had knowledge of unconstitutional conduct. Count 4 will be dismissed.

### Disposition

Count 1 is **DISMISSED with prejudice** and Counts 2, 3, and 4 are **DISMISSED without prejudice**. Because there are no viable claims, the Third Amended Complaint (Doc. 29) is **DISMISSED** for failure to state a claim for relief. The Court finds that further leave to amend would be futile and therefore, will not grant another opportunity to amend. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). Accordingly, this lawsuit is **DISMISSED without prejudice** to Plaintiff pursuing any state law remedies he may have regarding his claims. The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus any balance remains due and payable.

**IT IS SO ORDERED.**

DATED: September 26, 2022        *s/ Staci M. Yandle*
                                 **STACI M. YANDLE**
                                 **United States District Judge**